For meaning of Abbreviations, See Ternary Digest, page XII.

### No. 877

#### SCHAAF et v. SECOND NAT. BANK

##### No. 20001. Supreme Court

On motion to certify. Dock. July 22, 1926; 4 Abs. 510.

147. BILLS AND NOTES—In an action upon a negotiable promissory note may the court charge the jury before argument by counsel?

This action was brought originally in the Sandusky Common Pleas by the Second National Bank of Bucyrus against Paul E. Schaaf et al upon a negotiable promissory note. The Bank claimed that it was the owner and holder in due course for value.

Schaaf denied that the Bank was a holder in due course and set up the defense of fraud and failure of consideration.

The judgment of the Common Pleas in favor of the Bank was affirmed by the Court of Appeals.

Schaaf in the Supreme Court contends:

1. That the court erred in refusing to charge the jury as requested.

2. That the court erred in charging the jury before argument by counsel.

3. That 11447 GC. prescribes the mandatory course of procedure.

4. That the court erred in modifying requests for instructions to the jury.

Attorneys—Frank O. Farrell and Chester A. Culbert, Fremont, for Schaaf et; Gallinger & McCarron, Bucyrus, for Bank.

### No. 878

#### STATE ex rel CRABBE v. THISTLE DOWN CO. et

##### No. 20005. Supreme Court

In quo warranto. Dock. July 24, 1926; 4 Abs. 510.

313. CORPORATIONS—Has a corporation formed for the purpose of conducting horse races committed acts which would support quo warranto proceedings by conducting horse races at which gambling takes place?

This action was filed by the Attorney General in quo warranto against Thistle Down Company and Thistle Down Club Inc.

The petition alleges that both companies are Delaware corporations who have qualified to do business in Ohio and that the name of the company has been changed from Thistle Down Company to Thistle Down Club Inc., for the purpose of evading an action similar to the instant case; that the corporations were not organized in good faith but to thwart the efforts of the State in sustaining ouster proceedings; that the corporations were organized to conduct unlawful practices and that future race meets would be conducted in whwich books were wagering and selling pools would be operated unless prevented by this court.

The Attorney General in the Supreme Court contends:

1. That the companies have misused their franchise.

2. That the companies have committed unlawful acts to justify ouster.

3. That the companies should be enjoined from committing any further illegal acts.

Attorneys—C. C. Crabbe and W. E. Benoy, Columbus, for State ex; Tolles, Hogsett, Ginn & Morley, Cleveland, for Company.